United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20671
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

NICHOLAS NNAJI, FREDDIE EVANS

                    Defendants - Appellants

Appeals from the United States District Court
for the Southern District of Texas
No. H-01-CR-472-2

Before KING, Chief Judge, and HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendants Nicholas Nnaji and Freddie Evans appeal their convictions, arguing that the district court erred in dismissing a juror during jury deliberations. We review a district court's decision to dismiss a juror during deliberations for an abuse of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

discretion.  See, e.g., United States v. Edwards, 303 F.3d 606, 631 (5th Cir. 2002), cert. denied, 123 S. Ct. 1272 (2003).  Further, we will not overturn a district court's decision to remove a juror unless the defendant is prejudiced, and we will only find prejudice "if the juror was discharged without factual support or for a legally irrelevant reason."  Id. (quoting United States v. Virgen-Moreno, 265 F.3d 276, 288 (5th Cir. 2001), cert. denied, 534 U.S. 1095 (2002)).

The district court did not abuse its discretion in this case.  A district court may dismiss a juror for good cause and permit a jury of eleven jurors to return the verdict.  See FED. R. CRIM. P. 23(b)(3).  A juror's unwillingness to deliberate gives a district court good cause for removal.  See, e.g., Edwards, 303 F.3d at 631-34 (affirming dismissal of a juror who refused to follow instructions and displayed a lack of candor to the court); United States v. Baker, 262 F.3d 124, 128-32 (2d Cir. 2001) (affirming dismissal of juror who refused to deliberate and "sa[id] that the evidence is not going to change her mind").  In dismissing the juror in this case based on his unwillingness to deliberate, then, the district court did not use a legally irrelevant reason.

Despite the defendants' arguments to the contrary, the district court's factual finding that the dismissed juror refused to deliberate is not clearly erroneous.  There is ample evidence to support the fact that the juror simply would not deliberate:

juror after juror testified that the dismissed juror read a book during deliberations, refused to review the evidence, refused to participate in discussions, and refused to vote on the ultimate question of guilt or innocence.

For the foregoing reasons, the defendants' convictions are AFFIRMED.